IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHERIFE KITA, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:25-CV-1289 |
| | § | |
| LOGISTICS INSIGHT CORP, | § | |
| Defendant. | § | |

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff Sherife Kita and files this Response to Defendant's Motion to Dismiss for Failure to State a Claim filed on February 2, 2026 [Dkt. 17], and in support thereof, would show this Court the following:

RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

1.     On November 14, 2025, Plaintiff filed her Original Complaint and Jury Demand. [Dkt. 1].

2.     On December 30, 2025, Defendant filed its Motion to Dismiss for Failure to State a Claim. [Dkt. 8].

3.     On January 20, 2026, Plaintiff filed her First Amended Complaint and Jury Demand. [Dkt. 14].

4.     On January 30, 2026, the Court denied Defendant's Motion to Dismiss for Failure to State a Claim and acknowledged Plaintiff's First Amended Complaint as the live pleading. [Dkt. 16].

5.     On February 2, 2026, Defendant filed a Motion to Dismiss for Failure to State A Claim. [Dkt. 17].

## LEGAL STANDARD ON RULE 12(b)(6) MOTION TO DISMISS

Defendant's motion to dismiss was filed pursuant to Rule 12(b)(6) Fed. R. Civ. P. Rule 12(b)(6) motions test the sufficiency of the pleadings, not the merits of the claims. "To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff need not recite "detailed factual allegations," but must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id*. (quoting *Twombly*, 550 U.S. at 555).

To satisfy the standard under *Twombly* and *Iqbal*, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads enough factual content that allows the court to draw the reasonable inference that the defendant is liable under the alleged claim. *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint must have a short and plain statement of the claim showing that the Plaintiff is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Twombly*, 550 U.S. at 556 (quoting Fed. R. Civ. P. 8(a)(2)).

The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## INTRODUCTION

Defendant Logistics Insight Corp. ("LINC") asks this Court to dismiss Plaintiff's First Amended Complaint under Rule 12(b)(6) on grounds already considered and rejected by the Court. Defendant's motion repackages arguments concerning exhaustion and timeliness that were rendered moot when Plaintiff filed her Amended Complaint—a pleading the Court has already

determined aligns factually with the EEOC charge and satisfies administrative exhaustion requirements. [Dkt. 16]. Because Defendant identifies no intervening law, newly discovered facts, or manifest error, its motion should be denied.

**ARGUMENTS & AUTHORITY**

### A. <u>The Court Has Already Determined That Plaintiff Exhausted Her Administrative Remedies</u>

The Court has already ruled on Defendant's exhaustion argument and expressly rejected it. In its January 30, 2026 Order, the Court held: "The Amended Complaint factually aligns with the Charge of discrimination filed with the EEOC… Since the Amended Complaint is the live pleading, and it aligns with the charge of discrimination, the Motion is hereby DENIED." [Dkt. 16].

That ruling is binding under the law-of-the-case doctrine.

Defendant's renewed motion does not identify any material difference between the Amended Complaint considered by the Court and the pleading now under attack. Nor does Defendant identify any intervening authority that would warrant reconsideration. Courts in this Circuit routinely deny renewed motions to dismiss that merely reassert arguments already rejected. Defendant's motion should be denied on this basis alone.

### B. <u>Plaintiff's Amended Complaint Was Properly Filed and Is Not Time-Barred</u>

Defendant's statute-of-limitations argument rests on a misunderstanding of Rule 15 and the procedural posture of this case. Plaintiff filed her Amended Complaint as a matter of right under Rule 15(a)(1)(B), within 21 days of Defendant's first Rule 12(b)(6) motion. The Amended Complaint is therefore timely and operative regardless of any defects in the Original Complaint.

Moreover, courts do not dismiss actions simply because an amended pleading clarifies or corrects factual allegations after the limitations period, so long as the civil action itself was timely commenced. Plaintiff filed suit within ninety days of receiving her Notice of Right to Sue. The Federal Rules expressly contemplate amendment to cure pleading deficiencies, and Defendant's

argument would invert Rule 15 into a trap for the unwary—contrary to its remedial purpose.

Because Plaintiff timely commenced this civil action within ninety days of her Notice of Right to Sue—and because the First Amended Complaint was filed as a matter of right under Rule 15(a)(1)(B)—Rule 15(c)'s relation-back doctrine is not a basis for dismissal.

To the extent relation-back analysis applies, the Amended Complaint arises from the same employment relationship, same employer, same disability, same medical leave, and same termination decision. At a minimum, the pleadings share a common core of operative facts sufficient to satisfy Rule 15(c).

### C.  Plaintiff's EEOC Charge Adequately Exhausted Her Claims

Defendant next argues that Plaintiff's EEOC charge lacked sufficient factual detail to exhaust her ADA and TCHRA claims. This argument misstates the governing standard.

EEOC charges are construed liberally, especially when drafted without legal assistance, and need only be "like or related to" the claims asserted in litigation or reasonably expected to grow out of the EEOC investigation. Plaintiff's charge alleged that she: suffered from cancer; took medical leave; was terminated for failure to return to work; and believed the termination violated the ADA and FMLA.

Those allegations were more than sufficient to place Defendant on notice of disability-based termination and failure-to-accommodate issues and to trigger an EEOC investigation into those practices. Exhaustion does not require a claimant to plead every element of a prima facie case or identify specific comparators or accommodation requests with precision. Defendant's position would improperly elevate exhaustion into a heightened pleading standard rejected by the Fifth Circuit.

The cases Defendant relies upon, such as *Sorrells*, are distinguishable. There, the charge lacked any allegation tying the adverse action to disability-based discrimination. Here, Plaintiff expressly linked her termination to her cancer and medical leave.

**D. <u>Plaintiff Has Plausibly Stated Claims Under the ADA and TCHRA</u>**

Finally, Defendant does not meaningfully challenge the sufficiency of Plaintiff's substantive allegations. The Amended Complaint alleges: a qualifying disability; Defendant's knowledge of that disability; repeated requests for accommodation; Defendant's refusal to engage in the interactive process; involuntary unpaid leave; and termination under pretextual grounds.

Those allegations easily satisfy Rule 8's plausibility standard and state claims for disability discrimination, failure to accommodate, retaliation, and hostile work environment under federal and Texas law. At this stage, Plaintiff is not required to prove her case—only to allege facts that, if true, entitle her to relief. She has done so.

## CONCLUSION AND PRAYER FOR RELIEF

The purpose of Rule 12 is to put the Defendant on notice of Plaintiff's claims and for the court to determine if there are enough facts raised to state a claim for relief that is plausible on its face. A Rule 12(b)(6) Motion to Dismiss should not prevent Plaintiff from the ability to conduct proper discovery and presenting her case in chief for a just adjudication on the merits versus a perceived procedural defect.

Plaintiff has pled sufficient facts to clearly demonstrate this Court has jurisdiction over her claims by virtue of a timely filed lawsuit. Plaintiff has stated facially plausible claims allowing the Court to draw the reasonable inference that Defendant is liable for discrimination, retaliation, hostile work environment, and wrongful termination against Plaintiff during her employment with Defendant. Under these circumstances, dismissal of any of Plaintiff's actual claims would be improper.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to deny Defendant's 12(b)(6) Motion to Dismiss because Plaintiff has submitted a well-pled set of factual elements illuminating the timeliness and factual basis of her claims concerning Defendant's unlawful conduct, worthy of the trier of fact to determine.

Respectfully submitted,

/s/ Ali Crocker Russell
Ali Crocker Russell
State Bar No: 24098868

CROCKER RUSSELL & ASSOCIATES
200 W. Oak Street
Mansfield, TX 76063

Office: (817) 482-6570
Fax: (682) 232-1850
Email: ali@cralawfirm.com
**ATTORNEY FOR PLAINTIFF**

<u>**CERTIFICATE OF SERVICE**</u>

On February 23, 2026, I electronically submitted the forgoing instrument with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule Civil Procedure 5(b)(2).

/s/ Ali Crocker Russell
Ali Crocker Russell