UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**SHERIFE KITA,**

Plaintiff,

v.

**No. 4:25-cv-01289-P**

**LOGISTICS INSIGHT CORP.,**

Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant's Motion to Dismiss ("Motion"). ECF No. 17. Having reviewed the Motion, briefing, and applicable law, the Court will **GRANT** Defendant's Motion.

## BACKGROUND

Prior to filing this cause of action, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), receiving her right-to-sue notice on September 15, 2025. Plaintiff filed her initial complaint with this court on November 15, 2025, alleging employment discrimination pursuant to the Americans with Disabilities Act of 1990 (ADA). ECF No. 1. In response, Defendant filed a 12(b)(6) Motion to Dismiss. ECF No. 8. Defendant alleged that Plaintiff's Original Complaint factual basis materially differed from the charge of discrimination filed with the EEOC. *See* ECF No. 8. Plaintiff filed an Amended Complaint on January 20, 2026. ECF No. 14. Her Amended Complaint matched the factual allegations in the EEOC charge of discrimination. ECF No. 9-1; ECF No. 14 at 2–4. Thus, the Court denied Defendant's motion. ECF No. 16.

Defendant filed a second Rule 12(b)(6) Motion to Dismiss. ECF No. 17. Defendant asserts Plaintiff's Amended Complaint is time-barred because Plaintiff failed to exhaust administrative remedies. *See* 42 U.S.C. §§ 2000e-5(f)(1), 12117(1994); FED. R. CIV. P. 15(c); ECF No. 17.

Specifically, Defendant argues that the Amended Complaint does not relate back to the date of the Original Complaint because it does not assert a claim that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading. *See* Fed. R. Civ. P. 15(c)(1)(B).

Defendant points to factual differences regarding Plaintiff's tenure, the parties' conduct after Plaintiff's diagnosis, the type of cancer at issue, and the Defendant's alleged discriminatory conduct. ECF No. 17.

In the Original Complaint, Plaintiff's employment started in 2023. ECF No. 1 at 2. In the Amended Complaint, employment began in 2003. ECF No. 14 at 2. Further, Plaintiff was originally terminated in November 2023. ECF No. 1 at 4. Now, termination occurred in December 2023. ECF No. 14 at 3. Even the cancer that afflicted Plaintiff changed between the two complaints. Plaintiff now suffers from bladder cancer, not breast cancer. *Compare* ECF No. 1 at 2–3 *with* ECF No. 14 at 3. Moreover, Plaintiff's diagnosis and surgery timeline has shifted from August 2023, to now occurring solely in May 2023. *Compare* ECF No. 1 at 3 *with* ECF No. 14 at 3.

Moreover, Defendant argues equitable tolling is unwarranted because of Plaintiff's lack of diligence in filing her Amended Complaint. ECF Nos. 8, 14. The motion is ripe for review.

## LEGAL STANDARD

A defendant may successfully move for a Rule 12(b)(6) Motion to Dismiss if the plaintiff fails to state a claim upon which relief can be granted. *See.* Fed. R. Civ. P. 12(b)(6). In evaluating a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986)). "Further, 'all questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor.'" *Id.* (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)).

However, courts are not required to accept legal conclusions couched as factual allegations as true. *See In re Ondova Ltd.*, 914 F.3d 990, 993 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A plaintiff's well-pleaded facts must infer more than the mere possibility of the defendant's misconduct. *See Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That is, the complaint must allege enough facts to move the claim across the line from conceivable to plausible. *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility is more than a possibility, but less than a probability, showing a moderately high likelihood the defendant engaged in the alleged misconduct. *Iqbal*, 556 U.S. at 678. Determining whether the plausibility standard has been met is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Turner*, 663 F.3d at 775 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663–64 (2009)).

A Plaintiff has 21 days as a matter of course to amend a legally insufficient complaint. *See* FED. R. CIV. P 15(a)(1). An amendment relates back to the date of the original pleading if it asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading. *Id.* at 15(c)(1)(B).

## ANALYSIS

The Court begins with the statutory framework governing the timeliness of Plaintiff's ADA claims. The ADA incorporates Title VII's administrative exhaustion framework, including the requirement that a plaintiff file suit within ninety days of receiving a right-to-sue notice from the EEOC. *See* 42 U.S.C. §§ 12117(a), 2000e-5(f)(1). When an amended complaint is filed after that ninety-day period has expired, Rule 15(c)(1)(B) governs whether the amended complaint relates back to the date of the original pleading. *See* Fed. R. Civ. P. 15(c)(1)(B).

Accordingly, the questions are whether Plaintiff's Amended Complaint was filed outside the ninety-day period, whether the

amended claims relate back under Rule 15(c)(1)(B), and, if not, whether equitable tolling applies.

## A. The Ninety-Day Filing Requirement

Employment discrimination plaintiffs must exhaust administrative remedies pursuant to Title VII's exhaustion framework. *See* 42 U.S.C. § 2000e-5(b). The framework is satisfied when a plaintiff files a charge of discrimination with the EEOC and subsequently receives a right-to-sue notice. *See* 42 U.S.C § 2000e-5(f)(1). A plaintiff must file the ensuing civil action within ninety days of receiving that notice from the EEOC. *Id.* The ninety-day filing period runs against plaintiffs during federal-question employment discrimination claims. *See* 42 U.S.C. § 12117(a). The filing requirement is strictly construed and operates analogous to a statute of limitations to bar untimely claims. *Taylor v. Books A Million*, 296 F.3d 376, 379 (5th Cir. 2002).

Plaintiff filed her initial Complaint 61 days after receiving her right-to-sue notice from the EEOC, seemingly satisfying the ninety-day requirement. ECF No. 1 at 2. However, Plaintiff's Complaint pled factual allegations materially different from her EEOC charge. ECF No. 9 at 1. Plaintiff's Amended Complaint corrected that defect yet was filed 127 days after receiving her right-to-sue notice. Her Amended Complaint fails to satisfy the ninety-day requirement. ECF No. 14 at 1; ECF No. 9 at 2. Therefore, for Plaintiff to have exhausted administrative remedies, her Amended Complaint must relate back to the Original Complaint, or it is subject to dismissal pending the application of equitable tolling. *See* Fed R. Civ. P 15(c)(1)(B).

## B. Relation Back of Amendments

Federal Rule of Civil Procedure 15(c) governs whether an amended pleading relates back to the date of the original pleading. *See* FED. R. CIV. P. 15(c). An amendment to a pleading relates back when it asserts a claim arising out of the same conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. *See* FED. R. CIV. P. 15(c)(1)(B).

To answer whether an amended pleading relates back to the original pleading, the Court looks to whether the amended pleading and original pleading share a common core of operative facts. *Mayle v. Felix*, 545 U.S. 644, 659 (2005).[1] A common core exists, and thus relation back is permitted, when an amended pleading corrects technical difficulties, states a new legal theory, or amplifies facts already alleged. *F.D.I.C. v. Conner*, 20 F.3d 1376, 1386 (5th Cir. 1994). Conversely, relation back is not permitted if an amended pleading attempts to interject entirely different conduct, transactions, or occurrences into a case. *Id.* at 1385.

Defendant argues that Plaintiff's Amended Complaint alleges entirely different conduct and therefore does not relate back to her Original Complaint. ECF No. 17. In the Original Complaint, Plaintiff's employment started in 2023. ECF No. 1 at 2. In the Amended Complaint, employment began in 2003. ECF No. 14 at 2. Further, Plaintiff was originally terminated in November 2023; now, termination occurred in December 2023. *Compare* ECF No. 1 at 4 *with* ECF No. 14 at 3. Notably, Plaintiff now suffers from bladder cancer, not breast cancer. *Compare* ECF No. 1 at 2–3 *with* ECF No. 14 at 3. Moreover, Plaintiff's diagnosis and surgery timeline has shifted from August, to now occurring solely in May. *Compare* ECF No. 1 at 3 *with* ECF No. 14 at 3. According to Defendant, these factual dissimilarities preclude the Complaints from sharing "a common core of operative facts". *Mayle*, 545 U.S. at 659.

The Court agrees. An amended complaint that materially changes the alleged conduct of either party does not merely correct a technical defect. Correcting a technical defect involves altering minor errors in an original complaint, not altering its factual foundation.

In *F.D.I.C. v. Conner*, relation back was permitted because the amended pleading identified additional damages caused by the same conduct alleged in the original complaint. 20 F.3d at 1386. Here,

---

[1]Courts apply this rule beyond habeas corpus cases. The common core of operative facts inquiry is consistently similar across federal procedure including the broader supplemental-jurisdiction framework. *See* 28 U.S.C. § 1367; *see also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966) (establishing the common nucleus of operative fact standard).

Plaintiff's amendment does not identify additional damages, but rather alleges materially different conduct by the parties, altering both Defendant's alleged liability and Plaintiff's alleged damages. The Amended Complaint inserts a materially different injury, where Plaintiff was diagnosed and treated at different times, and under different conditions. *See United States v. Alaniz*, 5 F.4th 632, 636 (5th. Cir. 2021) (quoting *Mayle*, 545 U.S. at 645) (explaining relation back is not permitted where an amendment injects conduct arising from events separate in time and type from the original pleadings). Further, the complaint alleges materially different discriminatory conduct by Defendant towards Plaintiff after her diagnosis regarding Plaintiff's status, and eventual termination.

An amended complaint inserting materially different conduct and occurrences alters the core operative facts of the original complaint, and thus it follows that the respective complaints cannot share a common core of operative facts. *Conner*, 20 F.3d at 1385. Accordingly, the Amended Complaint here cannot relate back under Rule 15(c)(1)(B).

## C. Equitable Tolling

Defense Counsel proffers *McQuiggin v. Perkins* and *Pace v. DiGuglielmo* as the standard for equitable tolling. However, this standard applies to habeas corpus cases. *See McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The Court declines to use this standard.

Instead, the Court looks to equitable tolling in the employment discrimination context. *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011). *Granger*'s framework applies to EEOC claims before being filed in federal court. *Id.*

Equitable tolling applies to Title VII's ninety-day requirement; it is akin to a statute of limitations and is expressly incorporated by the ADA. *See Zipes v. Trans World Airline, Inc.*, U.S. 385, 392-94 (1982); 42 U.S.C § 12117(a). The Fifth Circuit has explained three bases where equitable tolling has been permitted: (1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional

concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her rights. *Granger*, 636 F.3d at 712. These are inapplicable to this case.

Equitable tolling is to be applied sparingly. *Id.* "We are reluctant to apply equitable tolling to situations of attorney error or neglect, because parties are bound by the acts of their lawyer." *Id.* Forgiveness is given when a party or its attorney has exercised due diligence in pursuing its rights. *Id.* Equitable tolling does consider relevant whether a party took some step recognized as important by the governing statute before the end of the applicable limitations period. *Id.*

While Plaintiff amended her Original Complaint within the 21-day period, significant errors outweigh the Court applying equitable tolling. *See* FED R. CIV. P 15(a)(1)(B); *See* U.S.C. §§ 2000e-5(f)(1). The Court is reluctant to grant equitable tolling when the Amended Complaint was filed on the final day to amend, was submitted over 30 days after Title VII's ninety-day filing requirement, and fails to relate back to the Original Complaint. Although the Amended Complaint factually aligns with the EEOC charge, the substantial delay in amending, coupled with material difference between complaints, reflects a serious lack of diligence, attention to detail, and attorney error. The Court declines to extend equitable tolling under these circumstances.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendant's Motion to Dismiss. ECF No. 17. Accordingly, Plaintiff's claims against Defendant are **DISMISSED without prejudice**.[2]

**SO ORDERED** on this **28th day of May 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[2]"Dismissals for failure to exhaust administrative remedies should be without prejudice." *Searcy v. Crowley Indep. Sch. Dist.*, No. 4:23-CV-00647-O-BP, 2023 WL 4826214, at *2 (N.D. Tex. July 25, 2023), *report and recommendation adopted*, No. 4:23-CV-00647-O-BP, 2023 WL 4826808 (N.D. Tex. July 27, 2023), *aff'd*, No. 23-10776, 2023 WL 6393901 (5th Cir. Oct. 2, 2023).